FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ JUN 18 2010 ★

BROOKLYN OFFICE

UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KENJI RYU NAKAMURA,

                    Plaintiff,

   -against-

UNITED STATES OF AMERICA,

                    Defendant.
------------------------------------------------------------X

COMPLAINT AND JURY DEMAND

CV 10 - 2797

Case No.

BLOCK, J.

LEVY, M.J.

## PRELIMINARY STATEMENT

1. This is an action for monetary damages against THE UNITED STATES OF AMERICA, arising out of the personal injuries including but not limited to mental and emotional anguish, anxiety, depression and loss of earnings, sustained by Plaintiff, KENJI RYU NAKAMURA, formerly known as TOMAS NAKAMURA, due to the false arrest, false imprisonment, and malicious prosecution of Plaintiff.

2. On or about May 19, 2008, agents of the U.S. Customs & Border Protection (herein after referred to as "CBP") and the Bureau of Immigration and Customs Enforcement (herein after referred to as "ICE"), and other members of CBP and ICE (their names are presently unknown), acting under the color of federal and state law, intentionally and willfully subjected the Plaintiff to, inter alia, false arrest, false imprisonment, detention, and intentional infliction of emotional distress for acts of which the Plaintiff was innocent. This unconstitutional and unreasonable seizure of the Plaintiff was in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3. Plaintiff, KENJI RYU NAKAMURA, through his attorneys, Talkin, Muccigrosso & Roberts, LLP, complaining of the defendant, respectfully allege:

## JURISDICTION AND VENUE

4. This action is brought pursuant to 28 U.S.C. §§ 1331, 1343, 1367; 42 U.S.C. §§ 1983, 1985, and 1988; and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over Plaintiff's state law claims is asserted.

5. Venue is laid within the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a)(2), in that a substantial part of the events giving rise to this claim occurred in the Eastern District of New York.

## PARTIES

6. Plaintiff, KENJI RYU NAKAMURA, is a United States Citizen, and at all times relevant hereto resided in Orange County, in the State of New York.

7. That at all times hereinafter mentioned, and on information and belief, the Department of Homeland Security ("DHS") was at all times relevant hereto, an agency of the defendant UNITED STATES

8. CBP was, at all times relevant hereto, an agency of the defendant UNITED STATES

9. That at all times herein after mentioned and on information and belief agents of the CBP were at all times relevant hereto, employees of CBP the agency of the defendant, UNITED STATES.

10. ICE was, at all times relevant hereto, an agency of the defendant UNITED STATES.

11. That at all times hereinafter mentioned, and on information and belief, agents of ICE were at all times relevant hereto, employees of ICE, the agency of the defendant UNITED STATES.

12. At all times mentioned herein, the aforesaid individual agents were acting under color of federal law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the United States of America.

13. That at all times hereinafter mentioned, and upon information and belief, agents were both personally and in their official representative capacity as agents employed by the defendant, UNITED STATES, through its agencies DHS and ICE. And that each and all of the acts of other individual agents were done by each of the individual agent and each of them under cover and pretense of the statutes and laws of the United States of America, and under and by virtue of their authority as agents and employees of the defendant UNITED STATES and its agencies, DHS and ICE.

14. That as a result of the foregoing, the defendant, UNITED STATES is liable for each of the individual agents' acts pursuant to the doctrine of "respondent superior."

## NOTICE OF CLAIM

15. Within two (2) years of the occurrence of the incident, Plaintiffs filed a written Notice of

Claim with the Bureau of Immigration and Customs Enforcement. This matter has not been settled or otherwise disposed of.

16. Pursuant to 28 U.S.C. § 2401(b), this action is being commenced within six (6) months of the date of mailing of notice of denial of the claim by CBP which was received on June 2, 2010.

## FACTUAL ALLEGATIONS

17. Plaintiff was formerly known as TOMAS NAKAMURA before being granted a name change on July 10, 2009.

18. On or about March 3, 2008, Plaintiff was arrested by ICE agents and charged with narcotics trafficking criminal offenses in the Eastern District of New York under Case Number M08-0210 (the "Criminal Case").

19. Sometime thereafter, an ICE immigration detainer was lodged against Plaintiff while the Criminal Case was pending.

20. The Criminal Case against Plaintiff was dismissed by Order of Magistrate Judge Mann upon motion of U.S. Attorney's Office on May 19, 2008.

21. Nonetheless, on or about May 19, 2008, within the vicinity for the United States Eastern District Court of New York located at 225 Cadman Plaza East, Brooklyn, New York, agents and other members of CBP and ICE, unlawfully detained, arrested and imprisoned the plaintiff, KENJI RYU NAKAMURA.

22. Plaintiff, KENJI RYU NAKAMURA, was arrested on or about May 19, 2008 and charged with being a illicit trafficker of controlled substances or being known abettor, assister, conspirator or colluder with others in the illicit trafficking of a controlled substances by importing cocaine from abroad into the United States of America, based upon the facts underlying the criminal case.

23. On May 21, 2008, Plaintiff was served with a Notice to Appear at Immigration Proceedings by CBP Enforcement Agents.

24. The arrest of the plaintiff was committed by the defendant without legal process and without probable cause.

25. On June 25, 2008, the charges and the Notice to Appear were withdrawn and Plaintiff was released.

26. Plaintiff was incarcerated without justification for a period of approximately thirty seven (37) days.

27. Defendant acted maliciously and intentionally.

28. As a direct and proximate result of the acts of defendants, Plaintiff, KENJI RYU NAKAMURA suffered physical injuries, embarrassment, humiliation, loss of liberty, loss of income, psychological distress, emotional distress, and mental anguish.

29. Defendant has deprived plaintiff KENJI RYU NAKAMURA of his civil, constitutional and statutory rights and has deprive plaintiff of such rights and is liable under 42 U.S.C. §§ 1983 and 1985 and the United States Constitution.

30. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff KENJI RYU NAKAMURA was damaged momentarily and financially.

## FIRST CAUSE OF ACTION

### (FALSE ARREST, UNLAWFUL IMPRISONMENT)

31. Paragraphs 1 through 30 are incorporated herein by reference.

32. Defendant subjected Plaintiff, KENJI RYU NAKAMURA, to false arrest, imprisonment and deprivation of liberty without probable cause.

33. Defendant has deprived Plaintiff KENJI RYU NAKAMURA of his civil, constitutional and statutory rights and has conspired to deprive him of such rights.

34. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff KENJI RYU NAKAMURA was damaged monetarily and financially.

## SECOND CAUSE OF ACTION

### (FOURTH AMENDMENT)

35. Paragraphs 1 through 34 are incorporated herein by reference.

36. Defendants, illegally arrested Plaintiff KENJI RYU NAKAMURA, subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

37. That as a result of the foregoing, the Plaintiff KENJI RYU NAKAMURA, has been deprived of his rights, privileges and immunities secured him by the constitution and the laws of the United States: (1) the right to secure in his person and effects against unreasonable seizure under the Fourth and Fourteenth Amendments; (2) the rights of the plaintiff not to be deprived of life, liberty or property without

due process of law under the Fourth and Fourteenth Amendments; and (3) the right to be free from deprivation of his civil rights in violation of the statutes made and provided.

38. That as a result of the foregoing, Plaintiff KENJI RYU NAKAMURA was damaged in the sum of Five Million Dollars ($5,000.000.00).

## THIRD CAUSE OF ACTION

### (MALICIOUS PROSECUTION)

39. Paragraphs 1 through 38 are incorporated herein by reference.

40. As a result of their actions, Defendant caused a false accusatory instrument to be filed against Plaintiff KENJI RYU NAKAMURA.

41. The instrument was dismissed and the proceedings favorably terminated.

42. Defendant has deprived Plaintiff KENJI RYU NAKAMURA of his civil, constitutional and statutory rights and has conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the United States Constitution.

43. As a result of the unlawful actions of the Defendants, Plaintiff KENJI RYU NAKAMURA was damaged in the sum of Five Million Dollars ($5,000,000.00).

## FOURTH CAUSE OF ACTION

### (FEDERAL LIABILITY)

44. Paragraphs 1 through 43 are incorporated herein by reference.

45. Defendant UNITED STATES is liable for the damages suffered by the Plaintiff as a result of the conduct of its employees, agents, and servants.

46. Defendant UNITED STATES knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

47. Upon information and belief, defendant UNITED STATES thought its agencies DHS, ICE and CBP their agents, employees, and servants have in the past falsely arrested individuals and without probable cause, and made, and allowed other fellow agents to make false entries in official department records to cover up and hide their wrongful conduct.

48. Defendant UNITED STATES has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this similar cases involving misconduct.

49. Defendant UNITED STATES has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this similar cases involving misconduct.

50. Defendant UNITED STATES thought its agencies DHS and ICE, its agents, employees and servants subjected Plaintiff KENJI RYU NAKAMURA to false arrest, and unlawful imprisonment.

51. Plaintiff KENJI RYU NAKAMURA has been monetarily and financially damaged as a result of the wrongful, negligent and illegal acts of the defendant UNITED STATES the sum of Five Million Dollars ($5,000.000.00).

Wherefore, plaintiff KENJ RYU NAKAMURA demands judgement against the Defendant UNITED STATES as follows:

1. In favor of the Plaintiff in the amount of Five Million Dollars ($5,000.000.00) on each of the plaintiff's causes of action;

2. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

3. Grant such other and further relief as this court deems just and proper.

Dated: New York, New York
June 15, 2010

Yours, etc.

JONATHAN ROBERTS
TALKIN, MUCCIGROSSO & ROBERTS, LLP
Attorneys for Plaintiff, KENJI RYU NAKAMURA
40 Exchange Place, 18th Floor
New York, New York 10005
212-482-0007

49. Defendant UNITED STATES has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this similar cases involving misconduct.

50. Defendant UNITED STATES thought its agencies DHS and ICE, its agents, employees and servants subjected Plaintiff KENJI RYU NAKAMURA to false arrest, and unlawful imprisonment.

51. Plaintiff KENJI RYU NAKAMURA has been monetarily and financially damaged as a result of the wrongful, negligent and illegal acts of the defendant UNITED STATES the sum of Five Million Dollars ($5,000.000.00).

Wherefore, plaintiff KENJ RYU NAKAMURA demands judgement against the Defendant UNITED STATES as follows:

1. In favor of the Plaintiff in the amount of Five Million Dollars ($5,000.000.00) on each of the plaintiff's causes of action;
2. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;
3. Grant such other and further relief as this court deems just and proper.

Dated: New York, New York
June 15, 2010

Yours, etc.

_____
JONATHAN ROBERTS, ESQ. 9036
TALKIN, MUCCIGROSSO & ROBERTS, LLP
Attorneys for Plaintiff, KENJI RYU NAKAMURA
40 Exchange Place, 18th Floor
New York, New York 10005
212-482-0007